Glenn R. Kantor, Esq. State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Alan E. Kassan, Esq. State Bar No. 113864
 E-mail: akassan@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Attorneys for Plaintiff,
James Tolmie

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| James Tolmie,<br><br>      Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America and E&J Gallo Winery, Inc. Long Term Disability Plan,<br><br>      Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |

   Plaintiff, James Tolmie, herein sets forth the allegations of his Complaint against Defendants, Life Insurance Company of North America (hereinafter "LINA").

**PRELIMINARY ALLEGATIONS**

   1.   "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of obtaining benefits under the terms of an employee

1

1  benefit plan; to clarify and enforce Plaintiff's past, present and future rights to benefits under all of the employee benefit plans named herein as defendants; and, to obtain other equitable relief, including but not limited to, restitution, an injunction ordering defendants to qualify Plaintiff for the receipt of benefits and to pay Plaintiff benefits to which Plaintiff is entitled; for prejudgement and postjudgment interest; and for attorneys' fees and costs.

2.   Plaintiff was at all times relevant, an employee of E & J Gallo Winery, Inc. and resident and citizen of the city of Ventura, California. Plaintiff is currently residing in Ventura County.

3.   Plaintiff is informed and believes that Defendant LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. LINA is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

4.   Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by E & J Gallo Winery, Inc. under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5.   Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

# FIRST CAUSE OF ACTION AGAINST
# E & J GALLO WINERY, INC. LONG TERM DISABILITY PLAN
# AND LIFE INSURANCE COMPANY OF NORTH AMERICA
# FOR DENIAL OF PLAN BENEFITS

6.  At all times relevant, Plaintiff was employed by E & J Gallo Winery, Inc. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by E & J Gallo Winery, Inc. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the LTD Plan.

7.  At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the LTD Plan.

8.  Pursuant to the terms of the LTD Plan, Plaintiff made a claim to LINA for LTD benefits under the Plan. On December 8, 2005, Plaintiff's claim for LTD benefits was denied by LINA. On May 15, 2006, Plaintiff appealed this determination and, despite overwhelming evidence of a covered LTD claim, on July 26, 2006 LINA erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits. Plaintiff appealed for a second time on May 25, 2007 and, despite continuing overwhelming evidence of a covered LTD claim, on October 12, 2007 LINA erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

9.  Defendants LINA and the LTD Plan wrongfully denied Plaintiff's claim, in the following respects:

   (a)  Failure to pay LTD benefit payments to Plaintiff at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and had such knowledge, LINA denied Plaintiff's LTD benefits;

    (b)    Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

    (c)    Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

    (d)    After Plaintiff's claim was denied in whole or in part, LINA failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

    (e)    Concealing and withholding from Plaintiff the notice LINA and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations §2560.503-1(e)-(g), inclusive; and

    (f)    Failing to properly and adequately investigate the merits and to provide a full and fair review of Plaintiff's disability claim.

10.    Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

11.    Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

12.    As a proximate result of the aforementioned wrongful conduct of the LTD Plan and LINA, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

13.   As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## SECOND CAUSE OF ACTION AGAINST
## E & J GALLO WINERY, INC. LONG TERM DISABILITY PLAN
## AND LIFE INSURANCE COMPANY OF NORTH AMERICA
## FOR EQUITABLE RELIEF

14.   Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15.   As a direct and proximate result of the failure of the LTD Plan and/or LINA to pay disability benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132:

(a)   Restitution of all past benefits due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

(b)   A mandatory injunction issued requiring defendants LTD Plan and LINA to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

(c)   Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

\\\
\\\
\\\
\\\

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS E & J GALLO WINERY, INC. LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA FOR DECLARATORY RELIEF

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. A controversy now exists between LINA and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant LINA and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if, in fact, Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2. For a declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4. Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: December 19, 2007

KANTOR & KANTOR, LLP

By: _____
Glenn R. Kantor
Attorney for Plaintiff
James Tolmie