SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendants
LIFE INSURANCE COMPANY
OF NORTH AMERICA & E & J
GALLO WINERY LONG
TERM DISABLITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOLMIE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA & E & J<br>GALLO WINERY, INC. LONG<br>TERM DISABLITY PLAN,<br><br>　　　　Defendants. | Case No.:   CV 07-06467 JSW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Honorable Jeffrey S. White<br><br>Filing Date:   December 26, 2007 |

Comes now, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") & E & J GALLO WINERY LONG TERM DISABLITY PLAN ("the Plan") (collectively "Defendants") and answers the Complaint ("the Complaint") filed by Plaintiff JAMES TOLMIE ("Plaintiff") in this matter.

　　1.　　Defendants admit that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and that this Court has jurisdiction under ERISA. Except as so admitted, Defendants deny the allegations in paragraph 1 of the Complaint.

2.   Answering the allegations in paragraph 2 of the Complaint, Defendants admit that Plaintiff at one time worked for E & J Gallo Winery ("Gallo") at Gallo's location in Ventura County and then in Los Angeles. Defendants further admit that Plaintiff currently is residing in Ventura County.

3.   Defendants admit that LINA is a corporation with its principal place of business in the State of Pennsylvania and is authorized to transact and is transacting business in the Central District of California and can be found in the Central District of California. LINA provided group disability insurance coverage to participants in the Plan through the issuance of a group disability insurance policy ("the Policy"). LINA is a claim administrator under the Policy and Plan. Except as so admitted, Defendants deny the allegations in paragraph 3 of the Complaint.

4.   Defendants admit that the Plan is an employee welfare benefit plan governed by ERISA, that the Plan was established by Gallo, and that Plaintiff was a participant in the Plan.. The terms and conditions of the Policy speak for themselves. Gallo has employees in the Northern District. Except as so admitted, Defendants deny the allegations in paragraph 4 of the Complaint.

5.   Answering the allegations in paragraph 5 of the Complaint, Defendants admit that Gallo has employees in the Northern District. Except as so admitted, Defendants deny the allegations in paragraph 5 of the Complaint and further deny that venue is proper in this Court.

## FIRST CAUSE OF ACTION
## DENIAL OF PLAN BENEFITS

6.   Defendants admit that Plaintiff, in 1997 and before, was employed by Gallo. Defendants further admit that Plaintiff claimed to be disabled and entitled to benefits under the Policy. Plaintiff was paid benefits under the Policy. In that Plaintiff no longer is employed by Gallo, and no longer qualifies to receive benefits under the Policy, Plaintiff no longer is covered under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants state that Plaintiff is no longer covered under the Policy because Plaintiff no longer is employed by Gallo and no longer qualifies to receive benefits under the Policy. Except as so admitted, Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff made a claim for benefits under the Policy ("the Claim"). In a letter dated December 8, 2005, LINA advised Plaintiff that the Claim no longer was payable under the terms of the Policy. Plaintiff appealed this decision in a letter dated May 15, 2006. In a letter dated July 26, 2006, LINA advised Plaintiff that it was upholding its decision that benefits were not payable under the Policy. Plaintiff, through counsel, provided notice of appeal in a letter dated December 19, 2006. LINA denied this appeal and communicated this decision in a letter dated October 12, 2007. Except as so admitted, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff exhausted his administrative remedies. Except as so admitted, Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

**SECOND CAUSE OF ACTION**
**EQUITABLE RELIEF**

14. Defendants incorporate by reference, as if they were fully set forth below, their response to paragraphs 1 through 13 of the Complaint as stated above.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**

16. Defendants incorporate by reference, as if they were fully set forth below, their response to paragraphs 1 through 15 of the Complaint as stated above.

17. Answering the allegations in paragraph 17 of the Complaint, Defendants admit that a controversy exists by virtue of the allegations in the Complaint. Except as so admitted, Defendants deny the allegations in paragraph 17 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Defendants allege that Plaintiff has failed to state a claim for relief against Defendants, and each of them.

2. As a second affirmative defense, Defendants allege that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The administrative record in this matter, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3. As a third affirmative defense, Defendants deny that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendants allege that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4. As a fourth affirmative defense, Defendants allege that LINA, as the claim administrator, has the discretion to interpret and apply the terms of the Policy. Accordingly, the abuse of discretion standard applies in this action.

5. As a fifth affirmative defense, Defendants allege that in the event that Plaintiff is entitled to benefits, he is only entitled to back benefits under the specific definition of disability stated in the Policy that applies once benefits have been paid for 24 months. Any decision concerning his entitlement to benefits in the future must be made by the claims administrator, not the Court.

6. As a sixth affirmative defense, Defendants allege that LINA, as the claim administrator, is not a proper party in this action for benefits under a plan governed by ERISA.

7. As a seventh affirmative defense, Defendants allege that Plaintiff's claims for relief are time-barred by limitation periods stated in the Policy and Plan and the limitation periods that

4
DEFENDANTS' ANSWER TO COMPLAINT
322257.1                                                                                    USDC NDCA Case #07-06467 JSW

1  govern an action under ERISA.

2

3  Date: January 30, 2007                                       WILSON, ELSER, MOSKOWITZ,
                                                                 EDELMAN & DICKER LLP
4
                                                         By: _____/s/ Sean P. Nalty_____
5                                                                SEAN P. NALTY
                                                         Attorneys for Defendants
6                                                        LIFE INSURANCE COMPANY OF NORTH
                                                         AMERICA & E & J GALLO WINERY LONG
7                                                        TERM DISABLITY PLAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

5
**DEFENDANTS' ANSWER TO COMPLAINT**

322257.1                                                                    USDC NDCA Case #07-06467 JSW

**CERTIFICATE OF SERVICE**
*Tolmie v. LINA, et al.*
*NDCA Case No. CV 07-06467 JSW*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→     : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

      : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

      : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

      : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Glenn R. Kantor, Esq.
Alan E. Kassan, Esq.
Kantor & Kantor
19839 Nordhoff Street
Northridge, CA  01324
T: (818) 886-2525
F: (818) 350-6272
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on January 30, 2008, at San Francisco, California.

_____
M. Lisette Meyer