```
 1  SEAN P. NALTY (SBN 121253)
    WILSON, ELSER, MOSKOWITZ,
 2     EDELMAN & DICKER LLP
    525 Market Street, 17th Floor
 3  San Francisco, CA 94105
    Telephone:    (415) 433-0990
 4  Facsimile:    (415) 434-1370

 5  Attorneys for Defendants
    LIFE INSURANCE COMPANY OF NORTH
 6  AMERICA & E & J GALLO WINERY LONG
    TERM DISABLITY PLAN
 7
    GLEN R. KANTOR (SBN 122643)
 8  ALAN E. KASSAN (SBN113864)
    KANTOR & KANTOR, LLP
 9  19839 Nordhoff Street
    Northridge, CA 91324
10  Telephone:    (818) 886-2525
    Facsimile:    (818) 350-6272
11
    Attorneys for Plaintiff
12  JAMES TOLMIE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOLMIE,<br><br>    Plaintiff,<br><br>    v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA & E & J<br>GALLO WINERY, INC. LONG<br>TERM DISABLITY PLAN,<br><br>    Defendants. | Case No.: CV 07-06467 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>April 4, 2008<br>1:30 p.m.<br><br>Honorable Jeffrey S. White<br><br>Filing Date:   December 26, 2007 |

Plaintiff JAMES TOMIE and defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") & E & J GALLO WINERY LONG TERM DISABLITY PLAN ("the Plan")

---

1
**JOINT CASE MANAGEMENT STATEMENT**
330437.1                                                      USDC NDCA Case #07-06467 JSW

(collectively "Defendants") submit this Joint Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this Case.

## DESCRIPTION OF THE CASE

**1.   Jurisdiction and Service.**

This Court has subject matter jurisdiction in this matter under the Employee Retirement Income Security Act of 1974 ("ERISA"). There are no disputes regarding personal jurisdiction. There are no parties remaining to be served.

**2.   Facts.**

Plaintiff James Tolmie ("plaintiff") sues defendants under ERISA based on the denial of a long term disability claim. LINA provides group disability insurance coverage to the Plan.

The Group Disability Policy states that a participant in the plan is disabled during the first 24 months of benefit payments if the individual is unable to perform all the material duties of his regular occupation ("own occupation"). After benefits have been paid for 24 months, the participant must be unable to perform all the material duties of any occupation for which he is or may reasonably become qualified based on his education, training, and experience ("any occupation").

Plaintiff is a 61 year old former assistant manager at E & J Gallo Winery. In a claim form signed on March 10, 1997, he claimed to be disabled from this occupation by severe anxiety and depression ("the Claim"). He began receiving disability benefits on August 12, 1997. The Claim was approved under the any occupation standard on June 30, 1999. The Claim was closed in December 2005.

This matter involves Plaintiff's claim that he is entitled to disability benefits, under the any occupation standard from January 12, 2006 forward. Defendants contend that his disability claim is not supported by the evidence in the administrative record.

**3.   Legal Issues.**

The principal legal issues are:

a.   Whether the Standard of Review in this matter is De Novo or Abuse of Discretion;

b.   The application of the definition of disability in the Group Disability Policy that is the subject of this matter;

2
JOINT CASE MANAGEMENT STATEMENT
330437.1                                                          USDC NDCA Case #07-06467 JSW

    c.    Plaintiff's entitlement to pursue discovery in this matter.

    d.    Whether Defendant Life Insurance Company of North America is a proper defendant in this matter.

    e.    whether Plaintiff is entitled to benefits under the terms of the Plan.

**4.    Motions.**

There are no prior or pending motions

**5.    Amendment of Pleadings.**

The Parties do not anticipate any amendments to the pleadings.

**6.    Evidence Preservation.**

The parties have complied with all requirements to preserve evidence.

**7.    Disclosures.**

The Parties will serve the required disclosures under Fed. R. Civ. P. 26 prior to the Case Management Conference in this matter.

**8.    Discovery.**

Defendants contend that discovery is not appropriate in this matter as it is governed by ERISA.

Plaintiff contends that discovery is appropriate regarding the issue of conflict of interest on the part of LINA pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc). In Abatie, the court confirmed that a district court may consider evidence outside of the administrative record in ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of interest" in order to determine the appropriate level of scrutiny it should give to a conflicted administrator's decision to deny a plan participant's claim for benefits. Id. at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the Abatie court contemplated. Plaintiff anticipates propounding limited discovery on this issue once he has received and reviewed the administrative record and Plan documents produced by Defendants.

**9.   Class Actions.**

This is not a class action.

**10.   Related Cases.**

There are no related cases.

**12.   Settlement and ADR.**

The parties have agreed to mediation.   Mediation is to be completed within 120 days.

**13.   Consent to Magistrate Judge For All Purposes.**

The parties do not consent.

**14.   Other References.**

No other references are suitable.

**15.   Narrowing of Issues.**

Not applicable.

**16.   Expedited Schedule.**

Not applicable.

**17.   Scheduling.**

    Trial date:   July 2009

    Discovery cut-off:   February 2009

    Expert Disclosure:   March 2009

    Expert Discovery cut-off:   April 2009

    Dispositive motion cut-off:   May 2009

Defendants contend that this matter can be resolved on cross motions for judgment or pursuant to a bench trial.  Moreover, defendants contend that expert disclosures are not necessary in an ERISA action.

**18.   Trial.**

The parties contend that this matter will only require a one-half day bench trial. The parties request that the Court waive the Final Pre-Trial Conference because:

    (a)   This will be a bench trial with no live testimony;

    (b)   The parties anticipate that the evidence will be largely limited to the claim file and

any evidence required to be contained within the Administrative Record; and

    (c)    The parties' respective positions may be briefed through trial briefs.

**19.   Disclosure of Non-party Interested Entities or Persons.**

Plaintiff has filed a Certification of Interested Entities or Persons. Plaintiff's certification was as follows: "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Life Insurance Company of North America is the insurer who issued the policy that is the subject of this matter. Connecticut General Corporation is a parent company of Life Insurance Company of North America. Connecticut General Corporation is a wholly owned subsidiary of CIGNA Holding Inc. CIGNA Holding Inc. is a wholly owned subsidiary of CIGNA Corporation.

**20.   Other Matters.**

None.

Dated: March 28, 2008    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   */s/ Sean P. Nalty*
      SEAN P. NALTY
Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA & E & J GALLO WINERY LONG TERM DISABLITY PLAN

Dated: March 28, 2008    KANTOR & KANTOR LLP

By:   */s/ Alan E. Kassan*
      ALAN E. KASSAN
Attorneys for Plaintiff
JAMES TOLMIE